UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>M. MJENING, et al.,<br><br>　　　　Defendants. | 1:16-cv-01421-LJO-GSA-PC<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g) AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $400.00 FILING FEE IN FULL<br>(ECF Nos. 1, 2.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

## I.　BACKGROUND

Tony Blackman ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 16, 2016, in the Sacramento Division of the U. S. District Court, Eastern District of California, together with a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 2.)  On September 23, 2016, this case was transferred to the Fresno Division of the Eastern District of California.  (ECF No. 4.).

## II.　THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings in forma pauperis.  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

## III. ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury.  The Court has found evidence on the court record of five 1915(g) "strikes" against Plaintiff, which were all entered before this action was brought by Plaintiff on September 16, 2016.[1]  The Court takes judicial notice of these cases:   (1) 1:99-cv-05822-REC-HGB-P Blackman v. Hartwell (E.D.Cal.) (dismissed on March 12, 2001, for failure to state a claim); (2) 1:04-cv-06389-AWI-NEW (DLB)-P Blackman v. Taxdhal (E.D.Cal.) (dismissed on May 18, 2007, for failure to state a claim); (3) 3:05-cv-05390-SI Blackman v. Medina (N.D. Cal.) (dismissed on March 13, 2006 for failure to state a claim); (4) 3:06-cv-06398-SI Blackman v. Variz (N.D.Cal.) (dismissed on December 18, 2006 for failure to state a claim); and (5) 1:06-cv-00081-GSA-PC Blackman v. Evans (E.D.Cal.) (dismissed on February 3, 2009, for failure to state a claim).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.  See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful."  Id. at 1057 n.11.  Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

---

[1] The Court has examined the orders dismissing the five cases and finds that they constitute "strikes" within the meaning of § 1915(g).

The Court has reviewed Plaintiff's Complaint for this action and finds that Plaintiff does not meet the imminent danger exception.  See Andrews, 493 F.3d at 1053.  In the Complaint, Plaintiff alleges that Defendants rejected his appeals, denied him access to the law library, confiscated his documents, allowed an inmate to attack Plaintiff with food, retaliated and discriminated against Plaintiff, violated his rights to due process, unlawfully placed him in administrative segregation, and refused to give him a copy of his trust account statement. Plaintiff also complains that a deputy district attorney used "nuclear power radio waves radiation pressure to control people conscious mind and impulse feeling." (Compl., ECF No. 1 at p. 26.)  The Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint.

Therefore, Plaintiff may not proceed in forma pauperis in this action, and must submit the appropriate filing fee in order to proceed with this action.  Accordingly, Plaintiff's motion to proceed in forma pauperis shall be denied, and this action shall be dismissed, without prejudice to refiling with the submission of the $400.00 filing fee in full.

### IV. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's motion to proceed in forma pauperis in this action is DENIED;
2. This action is DISMISSED, without prejudice to refiling with the submission of the $400.00 filing fee in full; and
3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **October 4, 2016**          **/s/ Lawrence J. O'Neill**
                                      UNITED STATES CHIEF DISTRICT JUDGE